Michael J. Frevola
Clayton J. Vignocchi
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, New York 10019
Telephone: (212) 513-3200
Fax: (212) 385-9010
michael.frevola@hklaw.com
clayton.vignocchi@hklaw.com

*Attorneys for Applicant*
*Galaxy Energy and Resources Co. Pte. Ltd.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE THE APPLICATION OF GALAXY
ENERGY AND RESOURCES CO. PTE. LTD.,

REQUEST FOR DISCOVERY PURSUANT
TO 28 U.S.C. § 1782

Civil Action No. 19-Misc. _____

## *EX PARTE* APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782

COMES NOW, Applicant, Galaxy Energy and Resources Co. Pte. Ltd. ("Galaxy"), by and through its undersigned counsel, Holland & Knight LLP, and applies for an *ex parte* Order pursuant to 28 U.S.C. § 1782 to obtain discovery in the form of subpoenas to be served on banks and professional service providers located within the Southern District of New York, and for the production of relevant documents in the possession, custody, and/or control of: Bank of America, N.A.; Bank of China; The Bank of New York Mellon; Barclays Bank PLC; BNP Paribas S.A.; Citibank, N.A.; Commerzbank AG; Credit Agricole CIB; Deutsche Bank Trust Company of Americas; Deutsche Bank Securities, Inc.; HSBC Bank (USA) N.A.; JPMorgan Chase Bank, N.A.; Maybank New York; Societe Generale; Standard Chartered Bank; UBS AG; and Wells Fargo

Bank, N.A. (collectively, the "New York Banks"), for the use in foreign proceedings, as more fully set forth in this Application; the Declarations of Daniel Liang, dated June 11, 2019 ("Liang Declaration" or "Liang Decl."), of Zenny Tran, dated June 11, 2019 ("Tran Declaration" or "Tran Decl."), and of Michael J. Frevola dated June 12, 2019 ("Frevola Declaration" or "Frevola Decl."), as well as exhibits thereto; and the Memorandum of Law submitted contemporaneously with this Application.

Under 28 U.S.C. § 1782, an applicant may be granted discovery in the United States in aid of a foreign proceeding within reasonable contemplation if the applicant is an interested party to the contemplated proceeding and if the information sought is located within the district.

## JURISDICTION AND VENUE

Jurisdiction is proper pursuant to 28 U.S.C. § 1782 as this Application is for discovery involving documents and information located within the Southern District of New York, discovery relevant and important to assist Galaxy in its contemplated foreign proceedings.

At all times material herein, Petitioner Galaxy was and still is a foreign business entity organized and existing under the laws of Singapore, having its principal address at 58 Farrer Road, #01-08, Spanish Village, Singapore 268845.

Venue in the Southern District of New York is appropriate pursuant to 28 U.S.C. § 1782 because the discovery is being sought from corporations (the New York Banks) within this District, and the information or documents sought are located in this Jurisdiction. *See* Frevola Decl., ¶ 3.

## CONTEMPLATED FOREIGN PROCEEDINGS

Applicant Galaxy seeks discovery with respect to witnesses and documents located in the United States and in this District for use in the following foreign proceeding(s):

(i)     Recognition and enforcement proceedings in Singapore or any other jurisdiction in which the assets of Mohammad Saidur Rahman a/k/a Mohammad Saidur Rahman Letu (trading as sole proprietor in the name and style of M/S Noapara Trading) ("Saidur") may be located to enforce the Singapore arbitration award dated January 11, 2019 in favor of Galaxy and against Saidur (the "Singapore Arbitration Award"); and

(ii)    Attachment and garnishment proceedings in Singapore or any other jurisdiction in which Saidur's assets may be located.

## RELEVANT FACTS

The facts giving rise to this Application are set forth in detail in the Liang Declaration and the Frevola Declaration.   According to the Liang Declaration, the dispute can be briefly summarized as follows:

On October 13, 2017, applicant Galaxy, a commodities trader, and Saidur (trading as M/S Noapara Trading) ("Saidur"), a commodities trader, entered into a sales contract dated October 13, 2017, whereby Galaxy agreed to sell and deliver and Saidur agreed to purchase 50,000 Metric Tons ("MT") +/- 10% of Indonesian Steam Coal in Bulk (the "Cargo") on CFR terms (together the "Sales Contract").   Liang Decl., ¶ 5.   The Sales Contract required that the Cargo be discharged in Mongla Port, Bangladesh.   *Id.* ¶ 6.   An upfront payment of USD 235,000 was due prior to loading of the Cargo with the balance of USD 3,995,000.00 to be covered by an irrevocable at sight letter of credit (the "Final Payment").   *Id.*   The Final Payment was secured by an irrevocable

at sight letter of credit issued by Islami Bank Bangladesh Ltd. (Noapora Branch) ("Islami Bank") dated October 31, 2017 (the "Letter of Credit"). *Id.* ¶ 7. The Letter of Credit was available by negotiation with Malayan Banking Berhad ("Maybank"). *Id.* ¶ 8.

In undertaking to deliver the Cargo pursuant to the Sales Contract, Galaxy chartered the *M/V Asia Zircon II* (the "Vessel"). *Id.* ¶ 9. The Vessel completed loading of the Cargo in Indonesia on November 12, 2017 and arrived in Mongla Port, Bangladesh on November 19, 2017. *Id.* Discharge operations commenced on November 20, 2017 by way of lighters (*i.e.*, barges) provided by Saidur. *Id.* While the Cargo was being discharged from the Vessel, Galaxy presented shipping documents to Maybank, which determined that they were compliant. *Id.* ¶ 10. The shipping documents were then forwarded and received by Islami Bank on November 30, 2017, who was obliged under the Letter of Credit to pay Galaxy within five (5) banking days. *Id.* Islami Bank failed to pay within five (5) banking days. *Id.*

Saidur stopped providing lighters on December 16, 2017 resulting in the ceasing of discharge operations from the Vessel, with 29,000 MT of the Cargo still onboard. *Id.* ¶ 11. This was done because of a purported issue regarding the quality of the Cargo. *Id.* On December 12, 2017, Saidur commenced an action in the Bangladesh Court against various defendants, including Galaxy, for breach of the Sales Contract. *Id.* ¶ 12. Saidur's complaint was that the purported supply of Cargo did not comply with the terms of the Sales Contract. *Id.* On the same day, Saidur applied to the Bangladesh High Court for an injunction enjoining Islami Bank from paying out under the Letter of Credit. *Id.* After an ex-parte hearing, the Bangladesh Court declined to grant an injunction but instead ordered an inter partes hearing for the injunction application. *Id.* However, despite the non-issuance of any injunction, Islami Bank continued to refuse payment. *Id.*

On December 28, 2017, Saidur commenced a separate action in the Bangladesh Court, this time alleging that the Cargo was damaged during the sea carriage from Indonesia to Bangladesh. *Id.* ¶ 13. Saidur then applied to the Bangladesh High Court to arrest the Vessel, which was granted. *Id.* Galaxy was also named as a defendant to this action. *Id.*

On January 12, 2018, by Galaxy's application, the Singapore High Court issued an anti-suit injunction against Saidur in support of the arbitration before the Singapore International Arbitration Center ("SIAC"). *Id.* ¶ 14. On January 17, 2018 the Bangladesh High Court heard Galaxy's injunction application and dismissed it. *Id.* ¶ 15. On January 24, 2018, the Bangladesh High Court ordered the Vessel to be released from arrest conditioned upon the Vessel's owners providing a bank guarantee as alternative security for Saidur's claim. *Id.* ¶ 16. Discharge operations resumed and were completed on February 12, 2018. *Id.* ¶ 17. The Vessel departed on February 14, 2018. *Id.* On February 19, 2018, Islami Bank made payment under the Letter of Credit. *Id.* ¶ 18.

In accordance with the terms of the Sales Contract, Galaxy initiated arbitration against Saidur in Singapore under the SIAC Rules for demurrage (charges payable to the owner of the chartered Vessel for failure to discharge the Vessel within the time agreed), costs and expenses resulting from the institution of Bangladesh court proceedings in lieu of the arbitration clause, and costs and expenses resulting from Islami Bank's failure to pay under the Letter of Credit (the "Singapore Arbitration"). *Id.* ¶ 19. On or about January 11, 2019, the arbitration tribunal issued the Singapore Arbitration Award in favor of Galaxy and against Saidur in a sum in excess of USD 1,190,809.00, together with simple interest of 5.33% per annum pro rata. *Id.* ¶ 20, Ex. 1.

To date, Saidur not only has failed to pay any portion of the Singapore Arbitration Award, but purposefully has avoided payment. *Id.* ¶ 22. As more fully set forth in the Liang Declaration,

Galaxy, in an attempt to enforce the Singapore Arbitration Award has initiated or will initiate, among other things:

      (i)      Recognition and enforcement proceedings in Singapore or any other jurisdiction in which Saidur assets may be located; and

      (ii)      Attachment and garnishment proceedings in Singapore or any other jurisdiction in which Saidur assets may be located.

(the "Foreign Proceedings").  *Id.* ¶ 21.  Galaxy contemplates additional proceedings may be necessary in other jurisdictions in order to satisfy the Singapore Arbitration Award depending upon information that may be discovered as a result of this proceeding.  *Id.* ¶ 23.

## THE RELATED PARTIES

Galaxy is requesting that the discovery order include several additional named parties (the "Related Parties") based on their apparently being used by Saidur (1) as trade names or (2) as payment agents.

With respect to the names "M/S Noapara Trading" or merely "Noapara Trading," these names are not found using a corporate registry search in Bangladesh but Galaxy has been advised that sole proprietorships are not required to register in the corporate registry.  Tran Decl., ¶ 7(a). As Saidur has used these names in the operation of his business, Galaxy requests that it be permitted to search for these names as it may be that payments made to or from him might be cloaked in that form.  *Id.*

Furthermore, during the course of Galaxy's business dealings with Saidur, there have been two separate Dubai-based companies which made payments to Galaxy on Saidur's behalf for a debt owed by Saidur to Galaxy.  *Id.* ¶ 7(b).  The first payment was dated November 9, 2017 and was paid to Galaxy by Modern Lotus General Trading LLC.  *Id.* ¶ 7(b)(i).  The second payment

#68095177_v1

6

was likewise made on November 9, 2017 and was paid to Galaxy by Taiba Gulf Fertilizer DWC LLC. *Id.* ¶ 7(b)(ii).  On November 13, 2017, a third payment was made to Galaxy, this one again made by Taiba Gulf Fertilizer DWC LLC. *Id.* ¶ 7(b)(iii).  In searching for further details on why these companies might pay the debts of another, Galaxy learned that a company name Taiba (Suisse) SA had been created in Switzerland. *Id.* ¶ 8.  A search of the Swiss corporate registry revealed that Saidur was the president and director of Taiba (Suisse) SA until April 2017, at which point a man named Hassan Mohammed Muid a/k/a Mohammed Muid Hassan Dipu replaced Saidur and changed the company name to Taisa (Suisse) SA. *Id.*  In the Geneva corporate registry for these companies, the contact addresses for both Saidur and Hassan Mohammed Muid are "Dhaka, Bangladesh." *Id.*

Based on the fact that arms-length companies do not traditionally pay each other's debts and what appears to be a corporate link between the payment agents, Galaxy respectfully requests that this Court permit it to seek discovery regarding payment activities of:

    i.      Modern Lotus General Trading LLC;

    ii.     Taiba Gulf Fertilizer DWC LLC;

    iii.    Taiba (Suisse) SA;

    iv.    Taisa (Suisse) SA;

    v.     Hassan Mohammed Muid; and

    vi.    Mohammed Muid Hassan Dipu.

## REQUEST FOR DISCOVERY ASSISTANCE

Applicant Galaxy requests that the Court provide discovery assistance with respect to the Foreign Proceedings, set forth above.  Galaxy requests that the New York Banks – which are present in the Southern District of New York – be directed to provide discovery, described below, for use in the Foreign Proceedings, as well as other proceedings which may arise as a result of information discovered.  As more specifically described in Galaxy's Memorandum of Law in Support of this *Ex Parte* Application for Discovery Pursuant to 28 U.S.C. § 1782, assistance is appropriate here because: (i) each of the New York Banks "resides" at or is "found" in this district; (ii)  Galaxy is an "interested person" (as a party to the Foreign Proceedings); (iii) the Foreign Proceedings have been or will be commenced before a "foreign or international tribunal"; and (iv) the information obtained will be for use in, and in support of, the Foreign Proceedings.

WHEREFORE, pursuant to 28 U.S.C. § 1782, Applicant Galaxy requests that this Court enter an Order:

1.      Authorizing Galaxy to issue and serve subpoenas on the New York Banks for the production of the following documents:

> A. Copies of any orders, instructions or wire transfers received from a payor/transferor bank to a payee/transferee bank for the benefit or credit of, or with any reference to Mohammad Saidur Rahman a/k/a Mohammad Saidur Rahman Letu (trading as M/S Noapara Trading), for the period January 1, 2014 to present.

> B. Copies of any orders, instructions or wire transfers received from a payor/transferor bank to a payee/transferee bank for the benefit or credit of, or with any reference to any of the following Related for the period January 1, 2014 to present:

    i.     M/S Noapara Trading;

    ii.    Noapara Trading;

    iii.   Modern Lotus General Trading LLC;

    iv.   Taiba Gulf Fertilizer DWC LLC;

    v.    Taiba (Suisse) SA;

    vi.   Taisa (Suisse) SA;

    vii.   Hassan Mohammed Muid; and

    viii.  Mohammed Muid Hassan Dipu.

C.  For the period beginning January 1, 2014 to the present, identify any bank accounts in the name of and/or held beneficially for Mohammad Saidur Rahman a/k/a Mohammad Saidur Rahman Letu (trading as M/S Noapara Trading) and the Related Parties, and provide the full records thereof, specifically including copies of present and historical account balance information, and records of incoming and outgoing payments.

D.  For the period beginning January 1, 2014 to the present, identify any accounts, loans, lines of credit or other funding arrangements to Mohammad Saidur Rahman a/k/a Mohammad Saidur Rahman Letu (trading as M/S Noapara Trading) and the Related Parties.

2.    Directing the New York Banks to produce the documents requested in their respective subpoenas within twenty-one (21) days of service of the subpoena and as required under

#68095177_v1

9

the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern and Eastern Districts of New York.

3.      Directing the New York Banks to preserve documents and evidence, electronic or otherwise, in their possession, custody or control that contain information potentially relevant to the subject matter of the Galaxy's document request as listed in this Order.

4.      Retaining jurisdiction over the matter for the purpose of enforcement and assessing any supplemental request for discovery assistance that may be requested by Galaxy.

In summary, based on the reasons set forth in this Application; the Liang Declaration; the Tran Declaration; the Frevola Declaration; and the Memorandum of Law; Applicant Galaxy clearly meets the requirements of 28 U.S.C. § 1782, and this Application for the Order should be granted.

Dated:      New York, New York
            June 12, 2019

HOLLAND & KNIGHT LLP

By:_____

Michael J. Frevola
Clayton J. Vignocchi
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, New York 10019
Tel: (212) 513-3200
Fax: (212) 385-9010
michael.frevola@hklaw.com
clayton.vignocchi@hklaw.com
*Attorneys for Applicant*
*Galaxy Energy and Resources Co. Pte. Ltd.*

#68095177_v1