UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

IN RE THE PETITION OF GALAXY
ENERGY AND RESOURCES CO. PTE.              No. 19-MC-0287-LTS
LTD. FOR DISCOVERY PURSUANT TO 28
U.S.C. § 1782

-------------------------------------------------------x

### MEMORANDUM ORDER

Before the Court is the ex parte Petition of Galaxy Energy and Resources Co. Pte. Ltd. ("Galaxy" or "Petitioner") seeking permission to conduct discovery pursuant to 28 U.S.C. § 1782. The Court has considered Petitioner's application and accompanying documents carefully. For the following reasons, the Petition is denied.

### BACKGROUND

The following facts are drawn from the Petition and are taken as true for the purposes of this decision.

The Petition arises from a contractual dispute between two commodities traders: Galaxy and Mohammad Saidur Rahman ("Saidur"). (Ex Parte Application for Discovery Pursuant to 28 U.S.C. § 1782 ("Petition"), Docket Entry No. 1, at 3.) On January 11, 2019, a Singaporean arbitration tribunal issued an award in favor of Galaxy and against Saidur in the amount of $1,190,809.00, with simple interest of 5.33% per annum pro rata. (Id. at 5.) According to Petitioner, Saidur has failed to pay any portion of the Singaporean arbitration award. (Id.)

Petitioner represents that it has initiated or will initiate "[r]ecognition and enforcement" and "[a]ttachment and garnishment" proceedings in Singapore or any other jurisdiction in which Saidur's assets may be located "in an attempt to enforce the Singaporean

Arbitration Award." (Id. at 6.) It seeks discovery under 28 U.S.C. section 1782 for use in such proceedings.

## DISCUSSION

Petitioner's application must be denied because it does not satisfy the statutory requirements of section 1782. 28 U.S.C. section 1782 permits United States district courts to authorize certain persons to take discovery in aid of foreign proceedings. The statute imposes three separate requirements: (1) that "the person from whom discovery is sought resides" in this district; (2) that "the discovery is for use in a foreign proceeding before a foreign tribunal"; and (3) that the application is made by an "interested person" or a foreign tribunal. Brandi-Dohrn v. IKB Deutsche Industriebank AG, 673 F.3d 76, 80 (2d Cir. 2012).

Petitioner satisfies the first and third prongs of section 1782: the banks from whom it seeks discovery are located in New York, and Petitioner is an "interested person" in the contemplated foreign litigation. See Intel Corp. v. Advanced Micro Devices, 542 U.S. 241, 256 (2004) (defining "interested person"). However, Petitioner's proffers do not satisfy the second statutory requirement of section 1782: that the discovery be for use in a foreign proceeding. Not all foreign matters are "proceedings" within the meaning of section 1782. Rather, section 1782 discovery is available in aid of "adjudicative" foreign proceedings, and is inappropriate where the merits of a controversy have already been decided by the foreign tribunal. Euromepa, S.A. v. R. Esmerian, Inc., 154 F.3d 24, 28 (2d Cir. 1998). Here, the only types of foreign proceedings that Galaxy identifies as ones for which it seeks discovery are "[r]ecognition and enforcement" and "[a]ttachment and garnishment" proceedings with respect to the arbitration award that has determined the merits of its dispute with Saidur. Such proceedings are not "adjudicative." Cf. id. (finding that French bankruptcy proceeding for which discovery was sought was not

adjudicative in that "the already extant judgment [was] merely being enforced.")  Accordingly, the Petition is denied.

CONCLUSION

For the foregoing reasons, the Petition is denied.  Docket Entry No. 1 is resolved, and the Clerk of Court is respectfully requested to close this miscellaneous matter.

SO ORDERED.

Dated: New York, New York
July 1, 2019

   /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge